IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JACORY BLUE | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-100 |
| JEFFERSON COUNTY CORRECTIONAL FACILITY | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Jacory Blue, a pre-trial detainee currently confined at the Jefferson County Correctional Facility, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner filed what appeared to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 8, 2021 (Doc. # 1). Petitioner listed the following points of error:

1. Conspiracy to deprive life, liberty, & property;
2. Denial of equal protection of the law; and
3. Racial discrimination by law enforcement.

Original Petition, pgs. 6-7 (Doc. # 1). Petitioner alleges he was "shot in the face for no reason" when he was walking to his apartment and that the officers immediately cuffed him with no investigation and denied him medical care merely because of his race. *Id*. Petitioner failed to provide any information regarding his requested relief. *Id*.

Former Magistrate Judge Keith Giblin[1] entered an Order to Replead on March 15, 2021, asking Petitioner to respond to the following questions:

1. Was your intent to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 or a civil rights action pursuant to 42 U.S.C. § 1983?

2. What form of relief are you seeking?

3. Is your case set for trial? If so, when?

4. If your intent is to file a civil rights complaint, please identify the individual defendants who you claim violated your civil rights.

Order to Replead (Doc. # 2).

Petitioner responded to the Order to Replead on March 30, 2021, stating the following:

1) Petitioner's intent was/is to file for writ of habeas corpus 28 U.S.C. 2241;
2) Petitioner's form of relief is that his name be cleared and released;
3) Petitioner's trial date has not been set. Ranking staff at this facility state that they can legally withhold trials 2 years to 7 years for speedy trial. The average here is 2 years minimum.

Amended Pleading (Doc. # 4).

## Analysis

In light of his *pro se* status, the undersigned liberally construes the petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person in custody, regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.

---

[1] Former Magistrate Judge Keith Giblin retired in August of 2021. This case was referred to the undersigned on September 15, 2021 (Doc. # 5).

1982), *cert. denied*, 460 U.S. 1056 (1983). Exceptions exist only where there is an absence of available state corrective process or "exceptional circumstances of peculiar urgency" render such process ineffective to protect the rights of the applicant. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).[2]

Petitioner cannot meet the exhaustion requirement. The proper procedure to exhaust a speedy trial claim is to seek pre-trial relief through a petition for writ of mandamus in the Texas Court of Criminal Appeals. *Chapman v. Evans*, 744 S.W.2d 133, 135-38 (Tex. Crim. App. 1988) (conditionally granting mandamus petition seeking to compel district court to set for trial or dismiss pending indictment for offense unrelated to that for which petitioner was presently incarcerated); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. - 1978) (conditionally granting mandamus petition seeking to compel district court to set case for trial). Petitioner, according to his pleadings, has failed to seek any administrative remedy prior to filing this habeas petition. Original Petition, pgs. 2-4 (Doc. # 1). An independent review of the website for the Texas Court of Criminal Appeals reveals Petitioner has not filed a petition for writ of mandamus with the Texas Court of Criminal Appeals.[3] *See Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976) (requiring exhaustion by petition for writ of mandamus, but applying law in effect prior to 1977 amendment to Article V, Section 5 of the Texas Constitution).

"Texas has adequate and effective state procedures for obtaining a speedy trial, and in the absence of proof that the highest state court with criminal law jurisdiction has been given a fair

---

[2] While section 2241 does not expressly contain an exhaustion requirement, a pretrial detainee must exhaust state remedies under the theory that federal courts should abstain from interfering with a state court proceeding. *Dickerson*, 816 F.2d at 225 (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)).

[3] https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c

opportunity to consider Petitioner's speedy trial claim, the due administration of justice would be better served by insisting on exhaustion of his state court remedies." *Franklin v. Gonzales*, 2020 WL 210316, *2 (S.D. Tex. Jan. 13, 2020) (not designated for publication). Accordingly, this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be dismissed without prejudice for failure to exhaust state court remedies.

## Recommendation

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be dismissed without prejudice for failure to exhaust state court remedies.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 3rd day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE